UNITED STATES BANKRUPTCY COURT          NOT FOR PUBLICATION
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
In re

    Sherri L. Metzger					Case No. 13-13125 K

                            Debtor
-------------------------------------------------------------------


OPINION AND ORDER

        The Debtor's grandmother apparently was a Canadian. She passed away in Canada, prepetition, and her estate was administered there. A specific bequest of $20,000 CND was made to the Debtor. The Debtor filed under Chapter 7 on November 20, 2013, and claimed $12,510 of the bequest as her wild card exemption under 11 U.S.C. § 522(d)(5).

        Someone in Canada sent $17,245.84 US directly to the Trustee. That was the entire $20,000 (Canadian) bequest, including the exempt portion, reduced to U.S. dollars. The exchange rate was 86.2292% in favor of the stronger U.S. dollar. In other words, it took fewer U.S. dollars to equate to $20,000 Canadian dollars.

        The Debtor sought $12,510 in cash from the Trustee, and he replied that her exemption under 11 U.S.C. § 522(d)(5) should be viewed to be in Canadian dollars not U.S. dollars: consequently (he argued), fewer dollars U.S. are required to satisfy her claim of exemption. It is his view that the Chapter 7 estate must pay only $10,787.27 US, which he offered her. The matter is now before the Court on cross-motions.

The Trustee argues that the proper construction of § 522(d)(5) is that the Debtor did not have a property interest in any U.S. dollars. Rather, she owned $20,000 Canadian dollars, $12,510 of which were exempt. That equates to $10,787.27 US. But that construction depends on the fact that the unit of currency in Canada is a "dollar," not a pound, peso, franc, dinar, etc. Congress' use of the "$" in § 522(d)(5) is key to his line of reasoning. It cannot work unless the partially exempt asset is in one of the few nations or territories that utilize the word "dollar" in its currency. Congress obviously knew about such things and chose to ignore issues of foreign exchange rates in drafting the specific dollar amounts contained in 11 U.S.C. § 522(d). The statute must apply to assets in nations that do not use the word dollar in their unit of currency, and so the Trustee's interpretation is rejected.

What a Chapter 7 Trustee must do before administering an asset in a foreign nation or territory if that asset is partially exempt under § 522(d) or other exemption provision is similar to what he or she would do if the property were partially liened. In the Second Circuit, the *Flagstaff* Cases[1] and their progeny made clear the risk that a Chapter 7 Trustee undertakes when administering partially-secured assets upon an expectation (under 11 U.S.C. § 506(c)), of a contribution from the secured creditor toward the costs of administration. Similarly, and especially because the U.S. Supreme Court recently ruled that there is no statutory authority to surcharge exempt property (see *Law v. Siegel,* 134 S. Ct. 1188, 2014 WL 813702 (March 4, 2014)), it is

---

[1] 739 F.2d 73 (2d Cir. 1984); 762 F.2d 10 (2d Cir.1985).

important that any Chapter 7 trustee make arrangements with the debtor if he or she is going to administer a partially exempt foreign asset under circumstances in which expenses will be significant.  (That is not the case here.  The Trustee simply received a check.[2] )

Here the foreign asset was not an interest in real estate, was not subject to fractional interests by siblings or others, and was free of liens or governmental claims.[3]  In a case like this, a trustee should simply apply the exchange rate to the foreign cash asset and leave the portion that is worth $12,510 US alone, unless the debtor has agreed to the trustee's administration of the exempt portion of the asset.

The Debtor's request for turnover of $12,510 US by the Trustee is granted and the Trustee's contrary offer of $10,787.27 US is overruled.

SO ORDERED.

Dated:     Buffalo, New York
           July 14, 2014
                                                  s/Michael J. Kaplan
                                         _____
                                                  U.S.B.J.

---

[2] The Debtor's counsel agreed at oral argument that if a Chapter 7 trustee confers a benefit on a debtor by administering both the exempt and non-exempt aspects of a foreign estate, the debtor might agree to share the cost on a pro-rata basis.

[3] There once came before this Court a Chapter 7 request to abandon a Greek Isle - - literally.  The U.S. debtor owned it, but even if title could be made marketable, there were restrictions regarding removal, from Greece, of cash proceeds of a sale of the island.  In a different case, all such hurdles might be worth jumping.  If some portion of a successful net result is exempt, it would be best that such a debtor have agreed to sharing the administrative costs, and to have so agreed before the expenses were incurred.